IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| DANIEL LESLIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:14-CV-06122-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Daniel Leslie's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of the loss of vision in his right eye, a history of hernia, and "other and unspecified arthropathies," but retained the residual functional capacity ("RFC") to work as a phone answering service operator, factory return clerk, and appointment clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications in September of 2011, alleging a disability onset date of October 8, 2008. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on July 23, 2013, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on September 5, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

## Discussion

Plaintiff argues there are three reversible errors here: (1) the ALJ's credibility determination is not supported by substantial evidence; (2) the ALJ's RFC determination is not supported by substantial evidence; and (3) the ALJ did not elicit testimony from the Vocational Expert ("VE") explaining conflicts between the VE's testimony and job requirements as outlined in the Dictionary of Occupational Titles ("DOT").

These arguments are without merit.

**A.     The ALJ did not err in analyzing Plaintiff's credibility.**

Plaintiff argues the ALJ's credibility analysis is flawed because the ALJ: (1) failed to explain how his limited ability to perform household chores and attend family events was inconsistent with his reports of disabling symptoms; (2) failed to properly consider his chronic pain; (3) erred in relying on the opinion of Dr. Samuel Preylo, Jr., Psy.D., ("Dr. Preylo") that Plaintiff was malingering because Dr. Preylo examined him only once; and (4) should have given greater weight to his nine-year, stable work history.

When the ALJ discounts a claimant's credibility, he must explain why he did so. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

3

Here, the ALJ gave good reasons for discrediting Plaintiff's credibility. First, the ALJ found Plaintiff was malingering, a finding supported by ample evidence. Dr. Preylo noted Plaintiff did not give full effort during the examination, and that he gave evasive answers and provided unreliable information, such as claiming he could not fill out job applications during a time period when he was, in fact, working.[2] R. at 26, 605, 607-08.

Dr. Preylo's suspicions are corroborated by several others, including the ALJ. For example, several doctors observed that Plaintiff walked with a normal gait. R. at 26, 608. But during a consultative examination by Dr. James Hall, M.D. ("Dr. Hall"), which focused on Plaintiff's physical limitations, Plaintiff exhibited an altered gait. R. at 589. This suggests Plaintiff may have been exaggerating his symptoms. The ALJ also observed Plaintiff's malingering firsthand, writing Plaintiff appeared "to be exaggerating his symptoms at the hearing." R. at 26.

Second, the ALJ considered Plaintiff's list of daily activities which were arguably inconsistent with his reports of disabling symptoms. In his function report, Plaintiff reported he cared for his children and he went to church, doctor appointments, and family events. R. at 217, 220. He also told Dr. Preylo that he made and received phone calls, and that he helped clean around the house and fold laundry. R. at 605. An ALJ does not err in considering a plaintiff's ability to perform various activities of daily living in evaluating the credibility of his subjective allegations. *See Somora v. Astrue*, No. 11-0868-CV-W-REL-SSA, 2013 WL 30251, at *13 (W.D. Mo. Jan. 2, 2013) ("The Eighth Circuit has repeatedly held that it is proper for an ALJ to consider a claimant's daily activities when evaluating the credibility of subjective claims.") And Plaintiff did more than just perform household chores; he also took care of his two young

---

[2] Plaintiff's argument that Dr. Preylo's is not qualified to judge whether Plaintiff was malingering because he only examined Plaintiff once is meritless. It begs the question how many times a doctor must examine a claimant before he can observe the claimant is malingering.

4

children, and on one occasion helped a relative move. R. at 26, 217, 476. This evidence suggests Plaintiff's ability to work was not as limited as he claimed. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (discounting the claimant's credibility because the fact that she took care of her children and engaged in other activities was inconsistent with her self-reported limitations).

Third, contrary to Plaintiff's claim, the ALJ *did* consider that Plaintiff took fairly strong pain medication at times; he simply gave it less weight than Plaintiff would like. The ALJ provided a good reason for this, noting Plaintiff reported the medication "had no effects on his appetite, concentration, emotions, relationships, sleep, or his work or school functioning." R. at 21, 344.

Finally, the ALJ noted that Plaintiff had "a somewhat strong work history," but found the other evidence concerning his credibility outweighed this consideration. R. at 26. Plaintiff does not cite any authority, nor can the Court find any, suggesting that the ALJ erred as a matter of law in weighing the evidence this way. On the contrary, because the ALJ gave good reasons for discounting Plaintiff's credibility, the Court must defer to his determination. *See Gregg*, 354 F.3d at 713.

**B.    Substantial evidence supports the RFC determination.**

Plaintiff also challenges the ALJ's RFC determination. In a medical-source statement, Dr. Hall concluded that Plaintiff's right arm could never reach overhead, only occasionally reach in all other directions and handle things, and could only frequently (as opposed to constantly) finger, feel, push, and pull. R. at 599. The ALJ found this conclusion was inconsistent with his statements in the narrative portion of his report and his examination findings. R. at 24, 591. The ALJ noted it was also inconsistent with some of Plaintiff's reported daily activities, which included cleaning and folding laundry. R. at 25, 605. Thus, the ALJ did not embrace this

5

portion of Dr. Hall's opinion. Plaintiff contends the ALJ failed to properly weigh Dr. Hall's opinion and show how the limitations in the RFC were consistent with the substantial evidence of record, and that the ALJ's decision was not supported by substantial evidence.

This argument is without merit. A claimant's RFC is based on the combined effects of all of his *credible* limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining a claimant's RFC, the ALJ may consider a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

The ALJ's opinion shows he engaged in just such an analysis, carefully sorting through the relevant factors. The ALJ devoted more than two pages of his opinion to discussing each aspect of Dr. Hall's opinion, and, depending on the evidence, he imposed greater or fewer restrictions than those recommended by Dr. Hall. R. at 23-26. He cited the record and provided good reasons for the weight he assigned to Dr. Hall's opinion. R. at 24-25. With respect to Plaintiff's complaint that the ALJ should have adopted Dr. Hall's opinion on reaching and handling, the ALJ noted that Dr. Hall's opinion was inconsistent with his own examination findings showing Plaintiff was not so limited. R. at 24, 591, 597-600. For example, Dr. Hall's opinion that Plaintiff could only occasionally handle items with his right hand was inconsistent with the doctor's statement that his ability to finger, write, or fine manipulation was not limited. R. at 24. Thus, Plaintiff's argument is without merit. *See Clancy v. Colvin*, No. 2:13-04252-DGK-SSA, 2014 WL 6387165, at *4 (W.D. Mo. Nov. 14, 2014) (finding that ALJ did not err in evaluating the doctor's opinion where the record showed he "carefully reviewed all of the medical evidence of record before formulating Plaintiff's RFC.").

**C.     There is no conflict between the VE's testimony and the DOT.**

Finally, Plaintiff argues that the ALJ erred by failing to elicit a reasonable explanation from the VE for an alleged conflict between the VE's testimony and job requirements as outlined in the DOT. Plaintiff alleges that the VE's testimony was flawed because an individual with his RFC could not perform the three jobs the VE identified. Plaintiff contends the jobs the VE identified require frequent reaching, and his RFC limited him to only occasional overhead reaching.

The Court finds there was no conflict between the VE's testimony and the DOT, thus the ALJ did not err in declining to question the VE further. The ALJ's RFC assessment limited Plaintiff's ability to reach overhead with his right arm; it did not limit his ability to reach in any direction *with his left arm.* R. at 20. In his hypothetical question, the ALJ limited the hypothetical claimant to only occasionally reaching overhead with the right arm. R. at 43. The ALJ did not place limitations on the claimant's use of his left arm. R. at 43. The VE testified that such a claimant could perform work as an answering service operator, factory return clerk, and appointment clerk. R. at 43-44. The ALJ then asked the VE if her testimony was consistent with the DOT, and she answered that it was. R. at 45. Under these circumstances, the ALJ did not err in relying on the VE's testimony that Plaintiff was capable of performing other work. *See Swope v. Colvin*, No. 4:14-CV-0152-DGK-SSA, 2015 WL 1543290, at *5 (W.D. Mo. Apr. 7, 2015) (finding no error where claimant was limited to occasional overhead reaching, VE identified jobs requiring frequent reaching, and VE stated her testimony complied with the DOT).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:    February 2, 2016              /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT